# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10982
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE GUADALUPE GUERRERO-RODRIGUEZ,
  Also Known as Jesus Lopez Cabral,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-17-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Jose Guerrero-Rodriguez appeals the above-guidelines sentence imposed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10982

for illegal reentry after deportation.  He challenges the substantive reasonableness of the sentence, which we review for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in [18 U.S.C.] § 3553(a) where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).  "[R]eview for substantive reasonableness is highly deferential."  *Id.* (internal quotation marks and citations omitted).

The court based the sentence on permissible statutory factors.  In essence, Guerrero-Rodriguez is requesting that this court reweigh the § 3553(a) factors, which is not within the scope of our review.  *See Gall*, 552 U.S. at 51.  There is no indication that the district court gave improper weight to Guerrero-Rodriguez's extensive history of immigration violations or any mitigating factors.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Likewise, the degree of the upward variance does not render the sentence substantively unreasonable.  *See United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008).

AFFIRMED.